CRESWELL v. KEITH.

5-2339                                                   344 S. W. 2d 854

Opinion delivered April 3, 1961.

*Mitchell & Mitchell* and *Roger L. Murrell,* for appellant.

*Nathan Schoenfeld, Spencer & Spencer,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, Arch N. Creswell, filed this suit, alleging that he has invested $61,500 in Creswell-Keith Mining Trust. He also alleges that there is an Arkansas corporation known as Creswell-Keith, Inc.; that this corporation is "wholly controlled by R. Neville Keith [one of the appellees] and entirely subject to his whims, wishes and uses"; that the entire concept and intent of Creswell-Keith Mining Trust was for the design and purposes of obtaining the assets of third parties and thereafter manipulating such assets for the primary and sole benefit of R. Neville Keith, Arkansas Securities Corporation and Creswell-Keith, Inc., and *not for any legitimate business trust purpose or* for the appropriate profit of the respective shareholders and investors of the true money, property and capital therein. It is further alleged that in order to prevent waste and manipulation on the part of R. Neville Keith and other defendants, the court should order the appointment of a receiver and order an examination of the records, ledgers, papers, etc.; that 51% of the common shares of the mining trust, constituting 2,040,000 shares,

was transferred to Creswell-Keith without consideration and that such transfer should be cancelled. The defendants demurred to the complaint and the demurrer was overruled by the trial court. There has been no cross appeal from the court's action in that respect.

Appellees then answered, setting up the affirmative defense that appellant Keith had released appellees from all liability. The alleged release was made a part of the answer and is as follows:

"I, Arch N. Creswell, of the City of Hot Springs, County of Garland, State of Arkansas, for and in consideration of the sum of $910.00 Dollars in U. ·S. Currency to me in hand paid by R. Neville Keith, of the City of Hot Springs, County of Garland, State of Arkansas, paid for and in behalf of himself personally and as Trustee and on behalf of Creswell-Keith, Inc. and the Creswell-Keith Mining Trust both of Hot Springs, Arkansas, do release, remise and discharge R. Neville Keith personally, R. Neville Keith as Trustee, Creswell-Keith, Inc. and the Creswell-Keith Mining Trust of and from all, and all manner of actions, judgments, executions, debts, dues, claims, and demands of every kind and nature whatsoever which against R. Neville Keith personally, R. Neville Keith as Trustee, Creswell-Keith, Inc. and the Creswell-Keith Mining Trust ever had or now have, or which I or my Heirs, executors or administrators have now or may hereafter have by any reason whatsoever."

The answer pleading the release is not verified.

Appellant responded to the answer, alleging that the release is not in fact voluntary and that the execution of it was not freely made; that appellant did not have information as to his rights and that pertinent facts were misrepresented and concealed from the plaintiff by R. Neville Keith; that there was no substantial consideration for the release and at the time of the alleged execution of the release appellant was acting under duress. The response was verified. Without taking any testimony the court held that the release was a complete

defense to the suit filed by appellant, and dismissed the cause. The court said: "I am going to hold that there is a release of voluntary nature, and the case will be dismissed." Creswell has appealed from the order of dismissal.

There are several allegations in the response filed by Creswell that if true would render the release ineffective. Lack of consideration, misrepresentation amounting to fraud, and also duress may be shown to set aside a release, and these are questions of fact. *Perkins Oil Co. of Delaware* v. *Fitzgerald,* 197 Ark. 14, 121 S. W. 2d 877; *Wilson* v. *Southwest Casualty Ins. Co.,* 228 Ark. 59, 305 S. W. 2d 677; *Mo. Pac. Transportation Co.* v. *Robinson,* 191 Ark. 428, 86 S. W. 2d 913.

Reversed.